**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2017
_____

LESROY E. BROWNE,
on behalf of himself and those similarly situated

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST,
also known as NATIONAL COLLEGIATE MASTERSTUDENT LOAN TRUST I;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2003-1;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2004-1;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2004-2;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2005-1;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2005-2;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2005-3;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2006-1;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2006-2;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2006-3;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2006-4;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2007-1;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2007-2;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2007-3;
NATIONAL COLLEGIATE STUDENTLOAN TRUST 2007-4;
WILMINGTON TRUST CO, as Trustee for National Collegiate Student Loan Trust;
US BANK NA, in its Role as Special Servicer for the National Collegiate Student Loan
Trust;
TRANSWORLD SYSTEMS INC,
                                        Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-22-cv-02713)
District Judge: Honorable Kevin McNulty
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on [INSERT DATE].

Before: KRAUSE, PORTER and CHUNG, *Circuit Judges*

(Filed: August 1, 2023)
_____

**OPINION**[*]
_____

KRAUSE, *Circuit Judge*.

Appellants[1] appeal the District Court's order remanding Lesroy E. Browne's class action complaint to New Jersey state court. Because the District Court erred in holding that Browne has not suffered an injury sufficient to confer Article III standing, we will reverse.

## I. BACKGROUND[2]

In 2007, Browne cosigned a student loan issued by JP Morgan Chase Bank (the

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] Appellants include the following trusts named as defendants in Browne's class action complaint: National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4, and National Collegiate Student Loan Trust I (collectively, the Trusts). Joining the Trusts as appellants are Wilmington Trust Company, as owner trustee, U.S. Bank, N.A., in its role as Successor Special Servicer for the Trusts, and Transworld Systems, Inc.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1332(d), 1441. Our Court has jurisdiction to review the District Court's remand order pursuant to 28 U.S.C. § 1453(c). *See Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013). We review issues of subject matter jurisdiction de novo. *Id*. at 158 n.1.

Chase Loan). *Browne v. Nat'l Coll. Student Loan Tr.*, No. 2:21-cv-11871-KM-JSA, 2021 WL 6062306, at *1 (D.N.J. Dec. 22, 2021) (*Browne I*). Ten years later, Browne asked Pennsylvania Higher Education Assistance Agency (PHEAA), which was the primary servicer of the Chase Loan, to identify the Loan's current creditor. Browne alleges that PHEAA informed him that the Trusts owned the Chase Loan and that he therefore made payments to the Trusts from June 2017 until at least June 2020, when the loan was paid in full.

Nearly a year after paying off the loan, on April 21, 2021, Browne filed a putative class action in New Jersey state court naming the Trusts as defendants and alleging that the Trusts had violated New Jersey's Consumer Finance Licensing Act by collecting debts, including the Chase Loan, without being licensed to do so. *Id*. Browne's case was then removed to federal court, where it was dismissed for lack of Article III standing and then remanded to New Jersey state court. *Browne v. Nat'l Coll. Student Loan Tr.*, Civ. No. 22-2713 (KM) (JSA), 2023 WL 2447429, at *2 (D.N.J. Mar. 9, 2023) (*Browne II*).

Upon remand, Browne filed an amended complaint in state court naming the Trusts, Wilmington Trust Company, U.S. Bank N.A., and Transworld Systems, Inc. as defendants. *Id*. Browne's new complaint added 68 paragraphs of allegations against Appellants, on top of augmenting and emphasizing theories of liability mentioned in passing in the original complaint. Browne's complaint was once again removed to federal court, prompting Browne to seek remand for lack of Article III standing. *Browne*

3

*II* at *3.

Concluding that Browne's amended complaint possessed "the same defects that led to [its] prior holding," the District Court held that Browne lacked standing and once again remanded Browne's case to state court. *Id*. at *4. Appellants subsequently filed a Petition for Permission to Appeal in our Court seeking approval under 28 U.S.C. § 1453 to appeal the District Court's remand order. We granted this Petition on June 2, 2023, and this appeal followed.

## II.    DISCUSSION

For a plaintiff to have Article III standing, he must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Here, the District Court remanded Browne's amended complaint after concluding that Appellants had failed to show it met the first criterion—that Browne suffered a concrete injury. *Browne II* at *4.

Determining whether an alleged injury is sufficiently concrete for Article III standing purposes requires courts to "assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC*, 141 S. Ct. at 2204 (quoting *Spokeo v. Robins*, 578 U.S. 330, 340–41 (2016)). While in some cases this analysis may be complex, requiring courts to identify historical and common-law analogues to a plaintiff's asserted injury, no such searching inquiry is needed here. *TransUnion* itself

4

observed that the "most obvious" concrete injuries "are traditional tangible harms, such as physical harms and monetary harms." *Id*. Put simply, "[i]f a defendant has caused … monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *Id.* And that is exactly what Browne has alleged.

According to the amended complaint, Appellants deceived Browne into making payments on the Chase Loan either to the wrong creditor—because the Trusts did not own the accounts—or that were not owed at all because Browne's obligation to pay was voided as a result of the assignment from JP Morgan Chase to the unlicensed Trusts. As to the first theory, the amended complaint alleges the Trusts "cannot show that they are assignees of any particular loan" and that they used "false or misleading statements in the course of their collection efforts," Joint App. at 284, ¶ 79, which "caused Plaintiff to make payments … for the Chase Loan between June 2017 and June 2020." *Id.* at 285, ¶ 89. As to the second theory, Browne's amended complaint asserts that "[a]ny alleged assignment of the Chase Loan to [the Trusts] was void upon assignment" because the Trusts were not licensed under New Jersey law, *id.* at 286, ¶ 93, and therefore lacked "the legal right to enforce any student loan against Plaintiff," *id*., ¶ 94, even if the Trusts had acquired the account. Despite lacking that right, Browne contends, Appellants deceived him and putative class members by "[m]isrepresenting in its collection and other communications that [the Trusts] had the legal right to collect," thereby causing them "ascertainable loss … in the amount [of] monies claimed to be due, collected, and/or paid on the void accounts." *Id.* at 295–96, ¶ 139B, 140.

In short, under either theory the amended complaint alleges both that Browne

suffered a monetary injury and that this injury was caused by Appellants' deceitful and misleading collection efforts. Browne has thus alleged "[t]he most obvious" tangible harm, and "has suffered a concrete injury in fact under Article III." *TransUnion LLC*, 141 S. Ct. at 2204.

## III. CONCLUSION

For the foregoing reasons, we will reverse the judgment of the District Court and remand for the District Court to vacate its order of remand to the state court and to proceed consistent with this order.